## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Jose Molina and Alejandro Vazquez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 18-cv-12225 |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| Glaze 4th Ave LLC, Glaze 56th LLC, Glaze Teriyaki LLC, Paul Krug, Dennis Lake, and John Does #1-10, | |
| Defendants. | |

Plaintiffs Jose Molina and Alejandro Vazquez, by and through their undersigned attorneys, for their complaint against defendants Glaze 4th Ave LLC, Glaze 56th LLC, Glaze Teriyaki LLC, Paul Krug, Dennis Lake, and John Does #1-10, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.  Plaintiffs Jose Molina and Alejandro Vazquez allege on behalf of themselves and on behalf of other

similarly situated current and former employees of defendants Glaze 4th Ave LLC, Glaze 56th LLC, Glaze Teriyaki LLC, Paul Krug, Dennis Lake, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Molina and Mr. Vazquez further complain that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Jose Molina is an adult individual residing in Queens, New York.

4.    Plaintiff  Alejandro  Vazquez  is  an  adult individual residing in Queens, New York.

5.    Mr. Molina and Mr. Vazquez consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.    Upon information and belief, defendant Glaze 4th Ave LLC ("Glaze Union Square") is a company organized under the laws of the state of New York with a principal place of business at 139 4th Avenue, New York, New York.

7.    Upon information and belief, defendant Glaze 56th LLC ("Glaze Midtown West") is a company organized under the laws of the state of New York with a principal place of business at 60 West 56th Street, New York, New York.

8.    Upon  information  and  belief,  defendant  Glaze Teriyaki LLC ("Glaze Midtown East") is a company organized under the laws of the state of New York with a principal place of business at 643 Lexington Avenue, New York, New York.

9.    At relevant times, defendants Glaze Union Square, Glaze Midtown West, and Glaze Midtown East (collectively, the "Glaze Restaurants") have been, and continue to be, employers  engaged  in  interstate  commerce  and/or  the

production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

10. Upon information and belief, at all relevant times, the Glaze Restaurants have had gross annual revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, the Glaze Restaurants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

12. At all relevant times, the Glaze Restaurants shared common ownership and management, common personnel, common marketing, and operated for a common business purpose.

13. For example, employees were shared between locations, and Glaze's centralized website describes Glaze as a "national restaurant group" and explains that "Glaze operates eight locations across New York City (Williamsburg , Midtown East, Midtown West, and Union Square) [and elsewhere]," and provides a centralized link for hiring employees.

14. Upon information and belief, at all relevant times, the Glaze Restaurants have constituted a single "enterprise" as defined in the FLSA.

15.   Upon information and belief, defendant Paul Krug is an owner or part owner and principal of the Glaze Restaurants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16.   Defendant Paul Krug was involved in the day-to-day operations of the Glaze Restaurants and played an active role in managing the businesses.

17.   Upon information and belief, defendant Dennis Lake is an owner or part owner and principal of the Glaze Restaurants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18.   Defendant Dennis Lake was involved in the day-to-day operations of the Glaze Restaurants and played an active role in managing the businesses.

19.   Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Glaze Restaurants, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records.

20.   Defendants constituted "employers" of Mr. Molina and Mr. Vazquez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' businesses are located in this district.

## COLLECTIVE ACTION ALLEGATIONS

23. Pursuant to 29 U.S.C. § 207, Mr. Molina and Mr. Vazquez seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since December 13, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were back of the house employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24. The Collective Action Members are similarly situated to Mr. Molina and Mr. Vazquez in that they were employed by defendants as non-exempt back of the house

employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

25. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

26. Mr. Molina and Mr. Vazquez and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

27. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

28. At all relevant times herein, defendants owned and operated a chain of restaurants in Manhattan, as part of a larger chain of restaurants, all using the name "Glaze."

29. Mr. Molina has been employed at one or more of the Glaze Restaurants since approximately March 2012.

30. Mr. Vazquez was employed at one or more of the Glaze Restaurants from February 2015 through October 2016.

31. Mr. Molina and Mr. Vazquez were employed as cooks.

32. Plaintiffs' work was performed in the normal course of defendants' businesses and was integrated into the businesses of defendants, and did not involve executive or administrative responsibilities.

33. At all relevant times herein, Mr. Molina and Mr. Vazquez were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

34. Mr. Molina worked regular schedules during his employment with defendants, as follows:

   a. For approximately the first two years of Mr. Molina's employment, he worked solely at Glaze Union Square, and he worked three days per week. He worked two days of about 15½ hours and one day of 11½ hours for a total of roughly 42½ hours per week; and

   b. Thereafter, Mr. Molina began also working at Glaze Midtown West; his schedule was increased to six days per week, three at each location. At Midtown West, he worked three 16-hour days; at Union Square he worked two 16-hour days and a 12-hour day. As a result, he was working roughly 92 hours per week.

    c.  About one year ago, defendants began giving him a 30-minute daily meal break, so since 2018 he has been working about 89 hours per week.

    d.  In addition, he was sometimes assigned to work catering jobs, which required extra hours of work.

35.  On occasion, Mr. Molina has been sent to work at Glaze Midtown East, as well.

36.  Mr. Vazquez also worked regular schedules during his employment with defendants, as follows:

    a.  For approximately the first month of Mr. Vazquez's employment, he worked solely at Glaze Midtown East. He worked three days per week, two days of fifteen hours and one day of eleven hours, for a total of about 41 hours.

    b.  After that first month, he continued to work the same 41-hour schedule at Glaze Midtown East, but he began also working at Glaze Midtown West. At the latter restaurant, he worked days of 14½, 7½, and 11 hours, for an overall total of about 74 hours per week.

    c.  In addition, he was sometimes assigned to work catering jobs, which required extra hours of work.

37. On occasion, he was sent to work at Glaze Union Square to cover for other absent employees, as well as for training when he was originally hired.

38. Plaintiffs were paid by the hour.

39. Mr. Molina started at $13.50 per hour, and received raises to $14.50 per hour in 2014 and $15.00 per hour in 2017.

40. Mr. Vazquez was paid $12.00 per hour in 2015 and $13.00 per hour in 2016.

41. Plaintiffs were paid by check, and received two separate paychecks each week, one for each restaurant at which they worked.

42. As a result, even though plaintiffs worked more than 70 hours per week, and sometimes as many as 90, they were paid for almost no overtime.

43. Plaintiffs would get overtime pay only if they worked at one individual restaurant for more than 40 hours, and only for the hours in excess of 40 at that restaurant.

44. Moreover, at Glaze Union Square Mr. Molina was sometimes paid straight time in cash for his overtime hours.

45. As a result, defendants failed to pay Mr. Molina and Mr. Vazquez the overtime "bonus" for most of their hours worked beyond 40 hours in a workweek, in violation of

the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

46. Defendants' failure to pay Mr. Molina and Mr. Vazquez the overtime bonus for all overtime hours worked was willful, and lacked a good faith basis.

47. Mr. Molina has worked between three and six shifts per week that lasted in excess of ten hours from start to finish, and Mr. Vazquez worked five such shifts each week during his employment, yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

48. Defendants failed to provide Mr. Molina with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, until 2017, and failed to provide Mr. Vazquez with such a notice at any time, in violation of the Wage Theft Prevention Act in effect at the time.

49. Defendants failed to provide Mr. Molina and Mr. Vazquez with compliant weekly records of their regular and

overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

50. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Molina and Mr. Vazquez (the Collective Action Members) in positions at defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include managerial responsibilities or the exercise of independent judgment.

51. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

52. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate for all hours worked in excess of forty in a week, in violation of the FLSA and the New York Labor Law.

53. Upon information and belief, these other individuals were not paid a "spread of hours" premium on

days when they worked shifts lasting in excess of ten hours from start to finish.

54. Upon information and belief, these other individuals were not provided with required wage notices or compliant weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

55. Upon information and belief, while defendants employed Mr. Molina and Mr. Vazquez and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time and payroll records.

## COUNT I

### (Fair Labor Standards Act - Overtime)

56. Mr. Molina and Mr. Vazquez, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, defendants employed Mr. Molina and Mr. Vazquez and each of the Collective Action Members within the meaning of the FLSA.

58. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to

their employees for all hours they worked in excess of forty hours per workweek.

59. As a result of defendants' willful failure to compensate their employees, including Mr. Molina and Mr. Vazquez and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

60. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

61. Due to defendants' FLSA violations, Mr. Molina and Mr. Vazquez and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

62. Mr. Molina and Mr. Vazquez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, Mr. Molina and Mr. Vazquez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

64. Defendants willfully violated Mr. Molina's and Mr. Vazquez's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

65. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

66. Due to defendants' New York Labor Law violations, Mr. Molina and Mr. Vazquez are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Spread of Hours)

67. Mr. Molina and Mr. Vazquez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Mr. Molina and Mr. Vazquez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated the rights of Mr. Molina and Mr. Vazquez by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

70. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to defendants' New York Labor Law violations, Mr. Molina and Mr. Vazquez are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law — Wage Theft Prevention Act)

72.  Mr. Molina and Mr. Vazquez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73.  At all relevant times, Mr. Molina and Mr. Vazquez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74.  Defendants willfully violated the rights of Mr. Molina and Mr. Vazquez by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or in Mr. Vazquez's case at any time thereafter.

75.  Defendants willfully violated the rights of Mr. Molina and Mr. Vazquez by failing to provide them with compliant weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

76.  Due to defendants' New York Labor Law violations relating to the failure to provide compliant paystubs, Mr. Molina and Mr. Vazquez are entitled to recover from the defendants statutory damages of $250 per day throughout their employment, up to the maximum statutory damages.

77.  Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Molina

and Mr. Vazquez are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Molina and Mr. Vazquez respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Molina and Mr. Vazquez and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting

in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g.  Liquidated damages for defendants' New York Labor Law violations;

h.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action
    together with reasonable attorneys' and expert
    fees; and

m.  Such other, further, and different relief as
    this Court deems just and proper.

Dated: December 19, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an*
*FLSA collective action*

# EXHIBIT A

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Glaze 4th Avenue LLC and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Glaze 4th Avenue LLC y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

X _____
        Jose Molina


Date: November 14, 2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Glaze Teriyaki LLC and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Glaze Teriyaki LLC y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Alejandro Vazquez

Date:  December 10, 2018